NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-2898
_____

SOUTH JERSEY GAS COMPANY,
                                        Appellant

v.

MUELLER COMPANY, LTD.; MUELLER GROUP, LLC;
ECLIPSE, INC.; ROCKFORD ECLIPSE, INC.;
ECLIPSE COMBUSTION AND/OR POWER EQUIPMENT CO., et al.


_____


On Appeal from the United States District Court
For the District of New Jersey
(D.C. No. 1:09-CV-04194)
District Judge:  Honorable Robert B. Kugler
_____

Submitted Under Third Circuit LAR 34.1(a)
April 26, 2011
_____

Before: SLOVITER and GREENAWAY, JR., Circuit Judges, and
POLLAK, District Judge*

(Opinion filed: May 13, 2011)
_____

OPINION
_____

POLLAK, District Judge

---

*  Honorable Louis H. Pollak, Senior Judge of the United States District Court for the
Eastern District of Pennsylvania, sitting by designation.

In this diversity action, South Jersey Gas Company ("South Jersey") alleges that Eclipse, Inc. and Mueller Company, LTD ("Eclipse" and "Mueller") breached express and implied warranties in connection with the sale of high-pressure gas valves. The District Court granted summary judgment as to both defendants. South Jersey appeals (1) the two summary judgment orders, (2) the Court's denial of South Jersey's Rule 56(f) motion for additional time to conduct discovery, and (3) the Magistrate Judge's denial of South Jersey's motion for leave to amend the complaint.[1] We will vacate the denial of South Jersey's motion for leave to amend, affirm in all other respects, and remand for further proceedings.

## I.

Because we write primarily for the parties, who are familiar with this case, we address only the facts and procedural history relevant to resolution of the issues raised in this appeal.

South Jersey, a public utility company, provides natural gas to customers in several counties in south New Jersey. In the late 1980s and early 1990s, South Jersey purchased approximately 70,000 high-pressure valves from defendants Eclipse and Mueller. Beginning in 2005, some of these valves failed and, in one case, caused an explosion and property damage. In 2009, South Jersey brought a breach of warranty action in state court against both defendants. Specifically, South Jersey alleged breach of express warranty and breach of the implied warranties of merchantability and fitness for a

---

[1] The parties discuss the denial of leave to amend as having been ordered by Judge Robert Kugler, the district court judge who presided over this case. However, the order denying leave to amend was issued by Magistrate Judge Joel Schneider.

particular purpose, covering transactions occurring in the late 1980s and early 1990s.

After removal to federal court, Mueller filed a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) or, in the alternative, for summary judgment. Eclipse also filed a motion to dismiss under Rule 12(b)(6), which was later converted to a motion for summary judgment. Both defendants argued that South Jersey's action was barred by the plain language of the applicable warranties and, alternatively, by New Jersey's four-year statute of limitations for breach of warranty claims. N.J. Stat. Ann. § 12A:2-725(1). South Jersey contended that its suit was timely because it did not discover the breach until 2005.

## II.

We agree with the District Court's two well-reasoned opinions granting Mueller and Eclipse's motions for summary judgment. Both defendants submitted sample warranties—along with supporting affidavits—which indicated that the contractual relationship between the parties was governed by a one year warranty. South Jersey did not come forward with any evidence to the contrary. Thus, for substantially the same reasons discussed by the District Court, we agree that South Jersey's claims are barred by both the plain language of the warranties and by the statute of limitations. We also agree that the District Court properly denied South Jersey's Rule 56(f) motion because South Jersey failed to identify what relevant evidence might be uncovered if the District Court permitted additional discovery.

Because Magistrate Judge Schneider provided no rationale for denying South Jersey's motion for leave to amend the complaint, we conduct an independent analysis of

3

that issue.

## III.

The District Court entered summary judgment in favor of Mueller on April 27, 2010. A1. On May 7, South Jersey filed a motion to amend the complaint, seeking to add a set of claims against both defendants under New Jersey's Consumer Fraud Act. A496. On May 26, 2010, the District Court entered summary judgment in favor of Eclipse. A22. On May 28, Magistrate Judge Schneider denied as "moot" South Jersey's motion to amend the complaint, noting that "the case has been dismissed." A35.

"Although Rule 15 vests the District Court with considerable discretion to permit amendment 'freely . . . when justice so requires,' Fed. R. Civ. P. 15(a), the liberality of the rule is no longer applicable once judgment has been entered. At that stage, it is Rules 59 and 60 that govern the opening of final judgments." *Ahmed v. Dragovich*, 297 F.3d 201, 207–08 (3d Cir. 2002). Moreover, courts "are free to recharacterize the motion to amend [as a Rule 59 or 60 motion] to match the substance of the relief requested." *Id.* at 208. However, motions seeking to amend a complaint prior to the time judgment is entered—but after a motion for summary judgment has been filed—are properly considered under Rule 15. *See Adams v. Gould Inc.*, 739 F.2d 858, 869 (3d Cir. 1984) ("Since amendment of a complaint is not unusual at the summary judgment stage of the case . . . we would not characterize plaintiffs' failure to amend their complaint earlier as 'undue delay.'" (citing 6 Wright et al., *Federal Practice and Procedure* § 1488 at 436 (1971)).

In light of the foregoing standards governing pre- and post-judgment motions to

4

amend, it is apparent that Judge Schneider erroneously concluded that South Jersey's motion was moot. Instead, as to Mueller, the motion to amend should have been construed as a motion under Rule 59(e) because it was filed within 28 days after judgment.[2] "When a party requests post-judgment amendment of a pleading, a court will normally conjoin the Rule 60(b) [or Rule 59(e)] and Rule 15(a) motions to decide them simultaneously, as it 'would be a needless formality for the court to grant the motion to reopen the judgment only to deny the motion for leave to amend.'" *Ahmed*, 297 F.3d at 209 (quoting 6 Wright et al., *Federal Practice & Procedure* § 1489, at 695 (1990)). As to Eclipse, the motion was properly raised under Rule 15 and it should have been reviewed under the well-established standards governing such motions.

The failure to consider South Jersey's motion to amend the complaint does not necessarily require reversal because the failure to provide "a justification for a denial of leave to amend . . . does not automatically constitute an abuse of discretion as long as the court's rationale is readily apparent from the record on appeal." *Lake v. Arnold*, 232 F.3d 360, 373–74 (3d Cir. 2000). But in this case, no such rationale is readily apparent.[3]

---

[2] If the motion to amend had been filed more than 28 days after judgment, it would be construed as a motion under Rule 60. *See Ahmed*, 297 F.3d at 209 ("Where, as here, the motion is filed outside the [deadline] provided for under Rule 59(e) but within the year permitted under Rule 60(b), and the motion may be read to include grounds cognizable under the latter rule, we will consider it to have been filed as a Rule 60(b) motion.").

[3] Defendants stress that leave to amend was properly denied because of the delay in requesting leave to amend. Although leave may be denied where there has been "undue delay," the "passage of time, without more, does not require that a motion to amend a complaint be denied." *Adams*, 739 F.2d at 868. We express no opinion on whether the delay in this case justifies denial of leave to amend; we find simply that Magistrate Schneider's rationale is not "readily apparent from the record on appeal." *Lake*, 232 F.3d at 374.

Accordingly, we remand to the District Court so that it may properly consider South Jersey's motion for leave to amend the complaint.

## IV.

For the foregoing reasons, we affirm the District Court's orders granting summary judgment to both defendants, and we affirm the District Court's denial of South Jersey's Rule 56(f) motion. We vacate the denial of South Jersey's motion for leave to amend the complaint, and we remand for further proceedings consistent with this opinion.