NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 12-1547

SOUTH JERSEY GAS COMPANY,
Appellant

v.

MUELLER COMPANY, LTD.; MUELLER GROUP, LLC; ECLIPSE, INC.;
ROCKFORD ECLIPSE, INC.; ECLIPSE COMBUSTION AND/OR POWER
EQUIPMENT CO.; XYZ ENTITY (A-Z)

On Appeal from the United States District Court
for the District of New Jersey
(Civ. No. 1-09-cv-04194)
District Court: Hon. Joel Schneider, Magistrate Judge

Before: McKEE, *Chief Judge*, SLOVITER and VANASKIE,
*Circuit Judges*

Submitted pursuant to Third Circuit LAR 34.1(a)
December 17, 2012

(Opinion filed: March 11, 2013)

OPINION

McKEE, *Chief Judge*.

    South Jersey Gas Company appeals the district court's denial of its motion for

leave to file an amended complaint. For the reasons that follow, we will affirm the

district court's order.

    On June 15, 2011, following remand, *see South Jersey Gas Co. v. Mueller Co.,*

*Ltd.*, 429 F. App'x 128, 130 (3d Cir. 2011), South Jersey filed a motion for leave to file

an amended complaint ("June 2011 Motion to Amend"). The district court denied the motion, explaining that South Jersey's "proposed amended complaint is identical to its original complaint except for the addition of several background paragraphs, the deletion of its breach of warranty claims, the removal of all specific references to a warranty, and the inclusion of a claim under the New Jersey Consumer Fraud Act ("CFA")." *South Jersey Gas Co. v. Mueller Co., Ltd.*, 2011 WL 5873028 at *2 (D.N.J. Nov. 18, 2011).

The district court explained: " Plaintiff's CFA claim, which is nothing more than a breach of warranty claim with a different name, does not become viable simply because [South Jersey] gave it a new name. New Jersey law is clear that a mere breach of warranty does not equate to a CFA cause of action." *Id*. at *5 (citations omitted). The district court then noted that "where the basis of a CFA claim is essentially a breach of warranty, the plaintiff must show substantial aggravating circumstances." *Id*. at 6 (citation omitted). After an analysis of the proposed complaint, the district court found: that the proposed complaint did not meet the pleading requirements for a fraud claim under the CFA; that it did not meet the specificity requirements of Fed.R.Civ.P. 9(b) for pleading fraud; and that it did not satisfy the causation requirement of the CFA. The court therefore concluded that the proposed amended complaint was futile. *Id*. at *5-8. Although the district court held that the proposed amended complaint was deficient and denied the June 2011 Motion to Amend, it granted leave to South Jersey to file another motion for leave to amend because "this is the first time the merits of [South Jersey's] CFA claim have been addressed" and, therefore, it gave South Jersey Gas " another opportunity to cure its pleading deficiencies." *Id*. at *9.

2

On December 5, 2011 South Jersey filed another motion for leave to file an amended complaint ("December 2011 Motion to Amend"). The proposed complaint again asserted a claim under the CFA, and it also contained additional allegations based on the deposition testimony of Charles Behm. After a review of the new pleadings, the district court denied the motion for leave to file the proposed December 2011 amended complaint essentially for the reasons it had found the June 2011 proposed amended complaint deficient in its November 18, 2011 opinion. *South Jersey Gas Co. v. Mueller Co., Ltd.*, Civ. No. 09-4194, slip. op. 12 (D.N.J. Jan. 30, 2012). Not surprisingly, the court stated it would not give South Jersey another opportunity to amend. The court explained, "[South Jersey] will not be granted another opportunity to amend as the effort would be futile. If there were facts to support [South Jersey's] CFA claim they would have been pleaded by now." *Id*. at 15 n.11.

This appeal followed.[1]

South Jersey makes a number of arguments in an attempt to convince us that the district court erred in denying its December 2011 Motion to Amend. However, we find

---

[1]     The denial of a motion for leave to amend is reviewed for an abuse of discretion. *The Travelers Indemnity Co. v. Dammann & Co., Inc.*, 594 F.3d 243 (3d Cir. 2010).
     Whether amendment is sought pursuant to Rule 15(a) or Rule 59(e), leave to amend should be denied where amendment would be futile, that is where "the complaint, as amended, would fail to state a claim upon which relief could be granted." *The Travelers Indemnity Co.*, 594 F.3d at 243 (citation omitted). In determining futility, the court conducts the same analysis as that used for a motion to dismiss pursuant to Rule 12(b)(6). *Id*.
     A district court has the discretion to deny a plaintiff further leave to amend when the plaintiff is put on notice as to the deficiencies in its proposed complaint, but fails to resolve them. *California Public Employees' Retirement System v. The Chubb Corp.*, 394 F.3d 126, 165 (3d Cir. 2004).

those arguments unavailing.  In its thorough and well-reasoned January 30, 2012 opinion, the district court explained why it denied South Jersey's latest motion to amend its complaint.  We are in complete agreement with the district court's explanation and need not add anything to it.  Accordingly, we will affirm the district court substantially for the reasons set forth in the district court's January 30, 2012, opinion and order without further elaboration.

4